UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA KOTORA,

Plaintiff,

v.

Case No. 25-cv-10454
Honorable Linda V. Parker

GENERAL MOTORS COMPANY,

Defendant.
______________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On February 17, 2025, Plaintiff filed this lawsuit against Defendant claiming discrimination in violation of federal and state law. After discovery closed and Defendant filed a motion for summary judgment,[1] Plaintiff filed a "Motion for Witness Intimidation and Retaliation Order." (ECF No. 18.) In the motion, Plaintiff claimed employees of Defendant have refused to testify or provide affidavits in support of Plaintiff's case in fear of intimidation and retaliation from Defendant. The Court denied Plaintiff's motion on August 28, 2026, finding that Plaintiff did not show that witness intimidation occurred or that Defendant or

[1] Plaintiff filed a "response" to Defendant's summary judgment motion which consisted of exhibits but no brief. (*See* ECF No. 16.) The Court struck the filing, noting that no brief had been filed and that "[i]t is not the Court's responsibility to construct a party's argument from the record . . .." Plaintiff had three days from August 25, 2026 to refile the response. As of this date, no response has been filed.

Defendant's counsel engaged in improper conduct. (ECF No. 19.) Plaintiff provided no evidence or even allegations showing that Defendant pressured or threatened potential witnesses. Plaintiff only indicated that these witnesses have "expressed fear" of such intimidation and retaliation.

The matter is now before the Court on Plaintiff's motion for reconsideration (ECF No. 20), to which Defendant responded (ECF No. 21) with the Court's permission. In the motion, Plaintiff claims to have "new" evidence to show witness intimidation, and she attaches several affidavits including her own. Finding no "new" evidence or evidence warranting a different outcome, the Court denies Plaintiff's motion.

Eastern District of Michigan Local Rule 7.1(h)(2) provides the grounds for reconsideration of a non-final order:

> A. The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> B. An intervening change in controlling law warrants a different outcome; or
>
> C. New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

Plaintiff appears to rely only on the last ground in support of her motion, as she begins by saying that she has "new" evidence of supervisory intimidation. (ECF No. 20 at PageID.574.). However, she fails to address the actual standard in Rule

7.1(h), which requires not only "new" evidence but facts which "could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2)(C0.

Plaintiff's failure to show that her "new" evidence could not have been discovered earlier is grounds alone to deny her motion for reconsideration.[2] In any event, the "new" facts presented do not show that any potential witness is afraid to sign an affidavit or testify in support of Plaintiff's case due to any conduct by Defendant or its counsel. Several of the affidavits attached to Plaintiff's motion do not even reference the individual's fear of providing an affidavit or testifying in support of Plaintiff's case. Thus, Plaintiff fails to demonstrate that injunctive relief against Defendant is warranted.

For these reasons, the Court **DENIES** Plaintiff's motion for reconsideration (ECF No. 20).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 28, 2026

[2] In her own affidavit, Plaintiff fails to include the dates when she talked to some of the alleged potential witnesses about her case to even know if it was before discovery closed, and where dates are provided, those dates were well beyond the close of discovery on April 16, 2026. (*See* ECF No. 20-3; ECF No. 13.) Plaintiff had discovery tools available to her to secure evidence from these witnesses, specifically the power to subpoena their depositions and seek to compel their testimony if they failed to appear or comply. *See* Fed. R. Civ. P. 30; Fed. R. Civ. P. 37; Fed. R. Civ. P. 45. She cannot now try to blame Defendant for her failure to use these tools to secure needed evidence before discovery closed.